NOT FOR PUBLICATION                                                    (Doc. No. 9)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____

DOCTOR'S ASSOCIATES INC.,

           Plaintiff,

       v.

RAKESH B. PATEL and JAI
SANTOSHIMA, INC.,

           Defendants.

_____

:
:
:
:
:
:  Civil No. 13-1611 (RBK/AMD)
:
:  **OPINION**
:
:
:
:

**KUGLER**, United States District Judge:

      Plaintiff Doctor's Associates Inc.'s ("Plaintiff" or "Doctor's Associates") brings this

uncontested motion for a default judgment confirming an arbitration award against Rakesh B.

Patel and Patel's alleged alter ego, JAI Santoshima, Inc., a non-party to the arbitration,

(collectively, "Defendants").  For the reasons stated herein, the petition is **GRANTED**, and the

arbitration award is **CONFIRMED** against both Patel and JAI.

      Doctor's Associates is a Florida Corporation and the Franchisor of the Subway® chain of

sandwich shops, as well as the owner of the Subway® trademark and related service marks.

(Durso Certification ¶¶ 4-5, Doc. No. 9-2 ("Durso Cert.").)  In 2004, Doctor's Associates entered

into Franchise Agreements with Patel for the operation of three Subway® stores:  (1) Subway®

Store # 34475 was located at 55 S. White Horse Pike, Hammonton, NJ; (2) Subway® Store #

26746 was located at 30 N. White Horse Pike, Hammonton, NJ; and (3) Subway® Store # 25696

was located at 3 Evesham Road, Voorhees, NJ.  (Durso Cert. ¶¶ 8-10.)

These Franchise Agreements were all amended on April 29, 2005, when Patel signed a fourth Franchise Agreement for the operation of a Subway® franchise at another location.  (Id. 11.)  The fourth Franchise Agreement is not the subject of the instant matter.

The Franchise Agreements provide for the arbitration of disputes between the parties and provide that any disputes concerning the arbitration clause shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 2 et seq.  (See Durso Cert. Ex D ¶¶ 10.a., 10.f., and 14.)  Due to Patel's failure to operate Subway® Stores # 34475, # 26746, and # 25696 in accordance with the terms of the respective Franchise Agreements, Doctor's Associates commenced two arbitration proceedings before the American Dispute Resolution Center (hereinafter, the "ADRC"), one with respect to the Franchise Agreement for Subway® Store # 34475, and a second with respect to the Franchise Agreements for Subway® Stores # 26746 and # 25696.  (Durso Cert. ¶ 16.)

As a result of these arbitration proceedings, one arbitration award dated January 14, 2013, was entered by the ADRC in favor of Doctor's Associates and against Patel with respect to Subway® Store # 34475 (hereinafter, "Arbitration Award # 34475").  (Id. ¶ 17.)  Defendant JAI was not a party to this proceeding.  (Id.)  Arbitration Award # 34475 required Patel to disidentify his Subway® restaurant, stop using Subway® trademarks, and refrain from engaging in any sandwich business within three miles of any Subway® restaurant for a period of one year.  (Id. ¶ 19.)  Patel was also required to pay Plaintiff $250.00 per day until Patel complied with Arbitration Award # 34475.  (Id.)  Finally, Arbitration Award # 34475 required Patel to pay arbitration fees totaling $1,229.31, as well as the arbitrator's compensation in the amount of $2,500.00.  (Id.)  Arbitration Award # 34475 was served on Patel on January 16, 2013, by the ADRC.  (Id. ¶ 24.)  Patel failed to comply with this award and continued to use the Subway®

trade names and marks at Store # 34475 until April 24, 2013, when he vacated the premises and the same was reentered by Plaintiff's leasing affiliate.[1]  (Id.)

A second arbitration award dated April 12, 2013, was entered by the ADRC in favor of Doctor's Associates and against Patel with respect to Subway® Stores # 26746 and # 25696 (hereinafter, "Arbitration Award # 26746/25696").  (Id. ¶ 18.)  Again, JAI was not a party to this proceeding.  (Id.)  Arbitration Award # 26746/25696 similarly required Patel to disidentify his Subway® restaurants, stop using Subway® trademarks, and refrain from engaging in any sandwich business within three miles of any Subway® restaurant for a period of one year.  (Id. ¶ 20.)  Patel was also required to pay Plaintiff $250.00 per day until Patel complied with Arbitration Award # 26746/25696.  (Id.)  Finally, Arbitration Award # 26746/25696 required Patel to pay arbitration fees totaling $821.13, as well as the arbitrator's compensation in the amount of $575.00.  (Id.)  Arbitration Award # 26746/25696 was served on Patel on April 16, 2013, by the ADRC; however, Patel failed to comply with this award and continued to use the Subway® trade names and marks at Store # 26746 until September 1, 2013, when Patel vacated the premises and the same was re-entered by Plaintiff's leasing affiliate.  (Id. ¶ 25.)  Patel also continued to use the Subway® trade names and marks at Store # 25696 until July 12, 2013, when Patel was evicted from the premises pursuant to a Judgment for Possession entered June 13, 2013, by the Superior Court of New Jersey-Special Civil Part, Landlord/Tenant Division.[2]  (Id.)

---

[1] Plaintiff calculates Patel's liability in connection with this award as totaling $28,379.31, in addition to the injunctive relief provided by the award.  (Durso Cert. ¶ 26 & Ex. E.)  This sum includes $25,000 representing each day Patel continued to use the Subway® marks at Subway® Store # 34475 (100 days * $250.00), plus arbitration fees of $1,229.31, and the arbitrator's fees of $2,150.00.  (Id.; see also Durso Cert. Exs. A & D ¶¶ 8, 10 (Franchise Agreement for Store # 34475).)

[2] Plaintiff calculates Patel's liability in connection with this award as totaling $59,646.13, in addition to the injunctive relief provided by the award.  (Id. ¶ 27 & Ex. F.)  This sum includes $35,500.00 representing each day Patel continued to use the Subway® marks at Subway® Store # 26746 (142 days * $250.00), $22,750.00 representing each day Patel continued to use the Subway® marks at Subway® Store # 25696 (91 days * $250.00),

On March 18, 2013, Plaintiff filed a nine-count Complaint seeking a default judgment confirming Arbitration Award # 34475 against Patel and JAI. (Doc. No. 1.) On June 6, 2013, Plaintiff filed an Amended Complaint. (Doc. No. 4.) The Amended Complaint clarified that Plaintiff was seeking confirmation of both arbitration awards—Arbitration Award # 34475 and Arbitration Award # 26746/25696—pursuant to 9 U.S.C. § 2. The Amended Complaint contains ten counts: Counts I and II are claims for a judgment confirming both arbitration awards and Counts III through X are substantive law causes of action seeking relief identical to the relief provided in the awards. See Plaintiff's Br. at 7 ("Counts Four through Ten seek alternative relief otherwise available against both Defendants under the Lanham Act 15 U.S.C. §1051, et seq., and parallel State Common Law, as well as injunctive relief under the Lanham Act parallel to that awarded in the Arbitration Award.").

On August 26, 2013, the Clerk entered default against Patel and JAI. On January 1, 2014, this Court entered a Notice of Call for Dismissal pursuant to Rule 41.1(a). (Doc. No. 6.) On January 24, 2014, the Court entered an Order dismissing this case pursuant to Rule 41.1(a). (Doc. No. 7.) On February 6, 2014, the Court granted Plaintiff's counsel's request for an order vacating the dismissal of this action, thus reinstating this matter, and further ordered Plaintiff to file its motion for default judgment by February 13, 2014. (Doc. No. 8.)

On February 13, 2014, Plaintiff filed and served Defendants with its motion for default judgment. (Doc. No. 9.)

"Default judgments are generally inappropriate for proceedings to confirm an arbitration award." Trs. of N.Y. City Dist. Council of Carpenters Pension Fund v. Premium Sys., Inc., No. 12-1749, 2012 WL 3578849, at *2 (S.D.N.Y. Aug. 20, 2012) (internal quotations and citations

---

the arbitration fees of $821.13, and the arbitrator's fees of $575.00. (Id.; see also Durso Cert. Exs. B & D ¶¶ 8, 10 (Franchise Agreement for Store # 26746) and C & D ¶¶ 8, 10 (Franchise Agreement for Store # 25696).)

omitted).  Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions."  Id. (internal quotations and citations omitted). Accordingly, the Court will address only Counts I and II—the claims for confirmation of Arbitration Award # 34475 and Arbitration Award # 26746/25696—and not Counts III through X, which seek a default judgment providing relief identical to the relief sought in Counts I and II.

Under the Federal Arbitration Act, courts defer heavily to arbitrators.  Courts vacate arbitration awards "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4); see also 9 U.S.C. §§ 10(a)(1)-(3) (providing additional grounds for vacatur). The Court finds that this standard has not been met.  Accordingly, the Court will **CONFIRM** the Arbitration Award # 34475 and Arbitration Award # 26746/25696 against Patel.

Plaintiff also maintains that the Court should confirm both awards against JAI on alter-ego grounds, even though JAI was not a party to the awards or the Franchise Agreements.  See Plaintiff's Br. at 14.

Generally, "[a]n action to confirm an arbitration award cannot be used . . . to impose liability against a nonparty to the arbitration proceeding even where the nonparty is alleged to be an 'alter ego' of a party to the arbitration."  Doctor's Assocs. Inc. v. White, No. 12-7393, 2014 WL 345349, at *2 (D.N.J. Jan. 30, 2014) (quoting Dist. Council 1707 v. Assoc. of Black Soc. Workers Day Care, No. 09-5773, 2010 WL 1049617, at *2 (S.D.N.Y. Mar. 22, 2010)). However, this rule does not apply when Defendants have not entered an appearance in a litigation.  Id.  Accordingly, the Court must decide whether to "pierce the corporate veil" and find that JAI is Patel's alter ego, and will apply a summary judgment standard in doing so.  Id. (citing Dist. Council, 2010 WL 1049617, at *2).

5

"To pierce the corporate veil or assert alter ego liability under New Jersey law, a plaintiff must allege two prongs:  (1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and (2) the dominant corporation is using the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law." Id. (quoting Pactiv Corp. v. Perk-Up, Inc., No. 08-5072, 2009 WL 2568105, at *5 (D.N.J. Aug. 18, 2009)). Here, Plaintiff claims that Patel created JAI for the sole purpose of operating Patel's Subway® Stores and/or administering Patel's duties to Plaintiff.  Further, most or all payments made by Patel to Plaintiff, pursuant to all of the respective Franchise Agreements, were made by checks or electronic fund transfers drawn on an account in the name of JAI, which holds and controls all funds going in and out of Patel's former Subway® Stores.  Plaintiff's Br. at 15-16 (citing Durso Cert. ¶ 31 & Ex. K).  As Patel has refused to appear in this case, and thus it is likely that Patel is "hoping to avoid having to pay a judgment by hiding behind [JAI]," the Court believes that an alter ego finding is appropriate.  See White, 2014 WL 345349, at *2 (holding similarly based on a parallel fact pattern).[3]

---

[3] In the alternative, the Court notes that it would be proper to enforce Arbitration Award # 34475 and Arbitration Award # 26746/25696 against JAI based on paragraph 9.b of the respective Franchise Agreements, in which Patel promised as follows:

> You may assign your rights under this Agreement to operate the Restaurant (but not this Agreement) to a corporation (or similar entity) provided:  (1) the corporation is newly organized and its activities are confined exclusively to operating the Restaurant; (2) you are, and remain at all times, the owner of the controlling interest of the corporation; (3) the corporation delivers to us a written assumption of your obligations under this Agreement; (4) all shareholders of the corporation deliver to us a written guarantee of the full and prompt payment and performance by the corporation of all its obligations to us under the assignment; (5) you acknowledge to us in writing that you are not relieved of any personal liability; and (6) you deliver a general release . . . signed by you, the corporation, and each shareholder of the corporation. You will also remain personally liable under the Sublease.

(Durso Cert. ¶ 29 (citing Exs. A, B, and C at ¶ 9.b (emphasis added)).)  See also White, 2014 WL 345349, at *2 n.1 (also holding that it would be proper to enforce arbitration awards against alter ego entity based on identical paragraph in franchise agreement).

Accordingly, the Court will **CONFIRM** Arbitration Award # 34475 and Arbitration

Award # 26746/25696 against JAI as well.  An appropriate Order shall issue today.


Dated: 9/5/2014                                    s/ Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge